UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MORROW,

                    Plaintiff,

         -against-                                    26-CV-0129 (LLS)

PAUL B. HYMOWITZ, PH.D.,                          ORDER OF DISMISSAL

                    Defendant.

LOUIS L. STANTON, United States District Judge:

         Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging

that Defendant Paul B. Hymowitz, Ph.D, a forensic custody evaluator appointed in a state-court

custody proceeding, violated his rights under the Fourteeenth Amendment and New York law.

By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that

is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

         The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following facts are drawn from the amended complaint (ECF No. 4), which Plaintiff filed as of right on February 3, 2026, and is the operative pleading. In 2023, Defendant "was appointed to conduct a neutral forensic custody evaluation subject to court supervision and established professional standards." (*Id*. at 2.) On November 8, 2023, Defendant sent an email to Plaintiff's counsel in the custody matter stating that Plaintiff's ex-wife had paid Defendant's entire retainer, both the $5,000 that she owed to Defendant and the $5,000 that Plaintiff owed to Defendant. (*Id*.) Plaintiff contends that this statement was inaccurate, as he apparently knew that: (1) his ex-wife had only paid her own half of the retainer to Defendant, and 2) his portion of the retainer remained unpaid. (*Id*.) Plaintiff states that he nevertheless relied on Defendant's assertion that his entire retainer had been paid by agreeing to participate in the forensic evaluation, without expecting to have to pay for it. (*Id*.)

Defendant thereafter began working on the forensic custody evaluation for which he was appointed, but on January 16, 2024, Defendant admitted that money was owed to his retainer and stated that he would not complete the evaluation without further payment. (*Id*.) Accordingly, Defendant conditioned his completion of the evaluation on an additional payment of $1,000, which either Plaintiff or his ex-wife (or both) subsequently paid to Defendant. (*Id*. at 3.) Defendant thereafter completed the evaluation, and submitted it to the court, without disclosing to the court "that his conclusions were conditioned on financial limitations rather than professional judgment." (*Id*.) This Court understands these allegations as suggesting that the payment of $1,000 was insufficient to induce Defendant to perform *and complete* a full evaluation and instead was only enough to induce Defendant to submit an *incomplete* and inadequate evaluation.

Plaintiff alleges that Defendant's handwritten notes were so illegible that they could not be used to cross-examine Defendant in court. (*Id.*) Plaintiff states that the evaluation was adverse to him and caused him unspecified harm. (*Id.*)

Plaintiff states that, in this action, he "does not seek review, reversal, or modification of any state-court custody order." (*Id.* at 1.) Rather, "Plaintiff seeks damages and declaratory relief for non-judicial acts, including material misrepresentations regarding payment, pay-to-play conditioning of a court-ordered evaluation, and concealment of those facts from the appointing court." (*Id.*) He asserts a claim under 42 U.S.C. § 1983 for a violation of his procedural due process rights, as well as claims of fraud and negligent misrepresentation under New York law. (*Id.* at 4.)

## DISCUSSION

### A.    42 U.S.C. § 1983

Plaintiff invokes Section 1983 and alleges that Defendant, who was appointed by a court to conduct a forensic custody evaluation, violated his constitutional rights in the course of that evaluation. He seeks both monetary and declaratory relief through his Section 1983 claim.

To state a claim under Section 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Amer.*, 723 F.3d 399, 406 (2d. Cir 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Courts have held that court-appointed social workers, psychologists, psychiatrists, and other professionals engaged by a court in furtherance of court proceedings are not state actors for purposes of Section 1983 liability. *See Young v. N.Y. State Corr. & Cmty. Supervision*, No. 18-

3

CV-5786 (LDH) (RER), 2019 WL 591555, at *4 n.9 (E.D.N.Y. Feb. 13, 2019) (dismissing Section 1983 claims "against court-appointed psychologists . . . on the grounds that they are not state actors."); *Colliton v. Bunt*, No. 15-CV-6580 (CS), 2016 WL 7443171, at *8 (S.D.N.Y. Dec. 27, 2016) (finding that a defendant social worker who recommended that defendant be labeled a sex offender was not a state actor), *aff'd*, 709 F. App'x 82 (2d Cir. 2018) (summary order). The same logic applies to a forensic custody evaluator appointed by a court in furtherance of proceedings before that court. Because Defendant is not a state actor, the Court must dismiss his Section 1983 claim, through which he seeks both damages and declaratory relief, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also In re Joint E. & S. Dist. Asbestos Litig.,* 14 F.3d 726, 731 (2d Cir. 1993) (affirming denial of request for declaratory relief after dismissal of the underlying cause of action under Section 1983).

**B.        Fraud and negligent misrepresentation under New York law**

Plaintiff asserts two claims under New York law: one for fraud, and the other for negligent misrepresentation. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claim of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

5
